IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-341-D

| | |
|---|---|
| GEORGE KARIUKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>DEPARTMENT OF INSURANCE, )<br>)<br>Defendants. ) | **ORDER** |

On November 26, 2018, the States of North Carolina Department of Insurance ("defendant") moved for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure [D.E. 14] and filed a memorandum in support [D.E. 15]. On December 19, 2018, George Kariuki ("Kariuki" or "plaintiff") responded to defendant's motion [D.E. 17]. As explained below, the motion is granted.

On August 17, 2018, Kariuki, who is proceeding pro se, filed a complaint against defendant. Kariuki alleges that defendant discriminated against him in employment based on his age, race, and national origin, and because Kariuki served on a jury. See Cmpl. [D.E. 6] 4–5.

The court construes Kariuki's pro se filings liberally. Liberal construction, however, does not mean that Kariuki is exempt from the Federal Rules of Civil Procedure. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008). Kariuki's complaint does not comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Furthermore, the complaint is so vague and ambiguous that defendant cannot reasonably respond. See Fed. R. Civ. P. 12(e); cf. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005).

In sum, the court GRANTS defendant's motion for a more definite statement [D.E. 14]. No later than February 22, 2019, plaintiff shall file a single amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. In the amended complaint, plaintiff shall state the nature of each claim for relief that he is asserting, what federal or state code section defendant allegedly violated with regard to each claim, what relief plaintiff seeks for each claim, and information sufficient for defendant to understand the nature of each claim. Such information should include: (1) plaintiff's race, national origin, and age at the time of the acts of which plaintiff complains; (2) the names, race, ages, and job positions of the individuals who allegedly committed or were involved in each specific act of which plaintiff complains; (3) the approximate dates when each specific act of which plaintiff complains occurred; and, (4) the jurisdiction and time period in which plaintiff served as a juror.

SO ORDERED. This 5 day of February 2019.

JAMES C. DEVER III
United States District Judge