IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-341-D

| | |
|---|---|
| GEORGE KARIUKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| DEPARTMENT OF INSURANCE, | ) |
| | ) |
| Defendant. | ) |

On February 22, 2019, George Kariuki ("Kariuki" or "plaintiff"), proceeding pro se, filed an amended complaint against the State of North Carolina—North Carolina Department of Insurance ("NCDOI" or "defendant") [D.E. 20] and moved to seal the amended complaint [D.E. 21]. On March 5, 2019, NCDOI moved to dismiss a portion of Kariuki's amended complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted [D.E. 22] and filed a memorandum in support [D.E. 23]. On the same day, the court notified Kariuki about the motion, the consequences of failing to respond, and the response deadline [D.E. 24]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 26, 2019, Kariuki responded in opposition and moved to amend his amended complaint [D.E. 26]. On May 17, 2019, NCDOI responded in opposition to Kariuki's motion to amend [D.E. 28]. On May 21, 2019, Kariuki replied [D.E. 29]. On May 22, 2019, Kariuki moved to amend his amended complaint [D.E. 30]. On June 10, 2019, NCDOI responded in opposition [D.E. 31]. As explained below, the court grants NCDOI's partial motion to dismiss, denies Kariuki's motion to seal, and denies as futile Kariuki's motions to amend.

I.

Kariuki is a 47-year-old black Kenyan-American. See Am. Compl. [D.E. 20] 1. The NCDOI employed Kariuki. Cf. id. From November 2017 to January 2018, Kariuki served as a juror in Wake County Superior Court. See id. at 3–4. Kariuki alleges that he was harassed and intimidated after receiving his jury summons. See id. at 3. For example, Kariuki alleges that one of his supervisors "followed [him] to the bathroom wanting to know more details of [his] jury service and the case that [he] was serving as a juror despite [Kariuki] previously stating that [he] was under oath and [he] was not allowed to divulge any details of the case." Id. Kariuki also alleges that, on November 27, 2017, Monique Smith ("Smith"), the Director of Insurance Company Examinations, sent him two harassing e-mails concerning his jury service soon after he returned to work. See id.

In count six of Kariuki's amended complaint, Kariucki alleges that NCDOI harassed, intimidated, and wrongfully terminated him while he served as a juror in violation of 28 U.S.C. § 1875(a) and N.C. Gen. Stat. § 9-32(a). See id. at 3–4. On March 5, 2019, NCDOI moved to dismiss count six for lack of subject-matter jurisdiction and for failure to state a claim [D.E. 22]. On April 26, 2019, Kariuki responded in opposition and moved to amend count six [D.E. 26]. On May 22, 2019, Kariuki again moved to amend count six to allege that NCDOI violated the Equal Protection Clause of the Fourteenth Amendment by harassing, intimidating, and wrongfully terminating Kariuki while he served as a juror [D.E. 30].

II.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine

2

v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. As the party invoking federal jurisdiction, Kariuki bears the burden of establishing that this court has subject-matter jurisdiction in this action. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647. A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to judgment as a matter of law." Id. (quotation omitted).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable

3

conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The motion to dismiss requires the court to consider Kariuki's North Carolina state-law claim. Accordingly, this court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issues. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co.

4

of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted).[1] In predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999). Moreover, in predicting how the highest court of a state would address an issue that it has not yet resolved, this court must "follow the decision of an intermediate state appellate court unless there [are] persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted).

A.

As for Kariuki's claim under 28 U.S.C. § 1875(a), "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. § 1875(a). Kariuki served as a juror in state court, not federal court. Accordingly, Kariuki fails to state a claim under 28 U.S.C. § 1875(a), and the court grants NCDOI's motion to dismiss.

B.

As for Kariuki's claim under N.C. Gen. Stat. § 9-32, "[n]o employer may discharge or

---

[1] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

5

demote any employee because the employee has been called for jury duty, or is serving as a grand juror or a petit juror." N.C. Gen. Stat. § 9-32(a). The remedy for violating section 9-32 is reasonable damages and reinstatement to the employee's former position. See id. § 9-32(b). NCDOI moves to dismiss Kariuki's claim under N.C. Gen. Stat. § 9-32 based on Eleventh Amendment immunity. See [D.E. 23] 4–6.

The Fourth Circuit has "been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1)." Andrews v. Daw, 201 F.3d 521, 524 n.2 (4th Cir. 2000). "[A] recent trend among the district courts within the Fourth Circuit [is] to consider sovereign immunity under Rule 12(b)(1)." Parks v. Commonwealth of Va. Dep't of Soc. Servs. Child Support Enf't Servs., No. 1:16-cv-568 (JCC/TCB), 2016 WL 4384343, at *2 (E.D. Va. Aug. 17, 2016) (unpublished), aff'd, 672 F. App'x 281 (4th Cir. 2016) (per curiam) (unpublished). A court must deny the motion under Rule 12(b)(1) "if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Constantine, 411 F.3d at 479. In addition to the States themselves, the Eleventh Amendment shields non-consenting state agencies and departments from suits by private individuals in federal court. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Constantine, 411 F.3d at 479; Va. Hosp. Ass'n v. Baliles, 868 F.2d 653, 662 (4th Cir. 1989), aff'd sub nomen Wilder v. Va. Hosp. Ass'n, 496 U.S. 498 (1990). "A State remains free to waive its Eleventh Amendment immunity from suit in a federal court." Lapides v. Bd. of Regents, 535 U.S. 613, 618 (2002); see Lee-Thomas v. Prince George's Cty. Pub.

6

Sch., 666 F.3d 244, 249 (4th Cir. 2012). Although a state may voluntarily waive immunity, it must do so "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quotation and alteration omitted).

The NCDOI is a state agency. See N.C. Gen. Stat. § 58-2-1. Therefore, the NCDOI is entitled to immunity unless section 9-32 expressly waives the state's immunity. The Court of Appeals of North Carolina declined to decide whether N.C. Gen. Stat. § 9-32 waives sovereign immunity because it determined that the issue was not "properly before" it. Abbott v. N.C. Bd. of Nursing, 177 N.C. App. 45, 48, 627 S.E.2d 482, 485 (2006). Nevertheless, section 9-32 does not expressly or implicitly waive North Carolina's immunity to suit in federal court. See Edelman, 415 U.S. at 673. Accordingly, the court grants NCDOI's motion to dismiss Kariuki's claim under N.C. Gen. Stat. § 9-32.

III.

As for Kariuki's motions to amend, a plaintiff may amend his complaint once as a matter of course within 21 days after service or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his complaint only with the written consent of the opposing party or the leave of court. See Fed. R. Civ. P. 15(a)(2). Although the court "should freely give leave when justice so requires," id., the court need not grant a plaintiff leave to amend when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the [plaintiff], or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962); Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009); Edwards v. City

7

of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999); Sarvis v. United States, No. 7:11-CR-83-D, 2018 WL 4855206, at *2 (E.D.N.C. Oct. 5, 2018) (unpublished); Johnson v. Allen, No. 7:18-CV-14-D, 2018 WL 4289456, at *7 (E.D.N.C. Sept. 7, 2018) (unpublished), appeal docketed, No. 19-1579 (4th Cir. May 30, 2019). "An amendment is futile if the amended complaint would fail to state a claim upon which relief can be granted." Johnson, 2018 WL 4289456, at *7; see Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479 (4th Cir. 2012) (unpublished); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Kariuki seeks leave to amend his complaint to remove his claims under 28 U.S.C. 1875(a) and N.C. Gen. Stat. § 9-32 and add a claim under the Equal Protection Clause of the Fourteenth Amendment. See [D.E. 30-1]. Kariuki alleges that NCDOI violated Kariuki's rights under the Equal Protection Clause by harassing, intimidating, and wrongfully terminating Kariuki while he served as a juror. See id.

The Fourteenth Amendment does not create a cause of action. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). The court construes Kariuki's claim as alleging a violation of 42 U.S.C. § 1983. Cf. id. (stating that a Fourteenth Amendment claim "merges" into a section 1983 claim). However, NCDOI is not a "person" for the purposes of section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64–66 (1989); Huang v. Bd. of Governors, 902 F.2d 1134, 1138 (4th Cir. 1990). Moreover, Kariuki fails to state a claim under the Equal Protection Clause and 42 U.S.C. § 1983 based on his status as a juror in state court. Accordingly, Kariuki's motion to amend is futile, and the court denies Kariuki's motions to amend.

IV.

As for Kariuki's motion to seal his amended complaint, the court has considered Kariuki's motion under the governing standard. See, e.g., Doe v. Pub. Citizen, 749 F.3d 246, 265–73 (4th Cir.

8

2014); Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 574–81 (4th Cir. 2004). Kariuki's motion lacks merit, and the court denies Kariuki's motion to seal.

Alternatively, the court construes Kariuki's motion as a motion for reconsideration of its December 12, 2018, order denying Kariuki's motion to seal his complaint [D.E. 16]. The court has considered Kariuki's motion for reconsideration under the governing standard. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Kariuki's motion for reconsideration lacks merit, and the court denies Kariuki's motion for reconsideration.

V.

In sum, the court GRANTS NCDOI's partial motion to dismiss [D.E. 22], DISMISSES count six of Kariuki's amended complaint [D.E. 20], DENIES Kariuki's motion to seal [D.E. 21], and DENIES Kariuki's motions to amend as futile [D.E. 26, 30].

SO ORDERED. This 20 day of June 2019.

JAMES C. DEVER III
United States District Judge

9