IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00341-D

**George Kariuki**,

        Plaintiff,

v.

**The North Carolina Department of Insurance**,

        Defendant.

**Order**

Both parties have filed motions to compel about discovery issues. Having reviewed the filings, the court rules as follows.

**I.    NCDOI's Motion to Compel Supplemental Responses to Interrogatories**

    **A.    Objection that Interrogatories are Premature.**

Kariuki repeatedly objects to interrogatories as premature because he "has not fully completed discovery," "discovery in this case is on going," or something similar. This objection is improper. A party may not refuse to answer all or part of an interrogatory because it is still investigating the matter. Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment subdivision (b) ("Similarly, the fact that additional time may be needed to respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time.").

So the court overrules the objection that the interrogatories are premature. Kariuki must supplement his responses within 14 days to provide all non-privileged, responsive information known to him. If he is withholding information based on a privilege, he shall expressly say so in his response and describe the privilege that applies.

### B. Reserving the Right to Supplement Responses at Trial

In his responses, Kariuki repeatedly says he "reserves the rights [sic] to supplement these responses at trial" or something similar. This is improper. Fed. R. Civ. P. 26(e)(1)(A). Going forward, Kariuki must supplement his discovery responses within 7 days of learning that some material respect of a disclosure or response is incomplete or incorrect. If he does not, he will not be "allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).

### C. Objection that Facts are Known to NCDOI

Kariuki objects to certain interrogatories because the facts are already known to NCDOI. This objection is improper. There is no general exception to the discovery rules for information that the requesting party already knows. And for good reason. The party responding to interrogatories must do so under oath. Fed. R. Civ. P. 33(b)(3). This requirement "serves the critical purpose of ensuring that the responding party attests to the truth of the responses." *Villareal* v. *El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010). By complying with this requirement, Kariuki will have bound himself to those answers under penalty of perjury. Kariuki must provide all responsive information known to him even if NCDOI is already aware of it within 14 days from the date of entry of this order.

### D. Objection that an Interrogatory is Subject to Some Other Interrogatory.

Another objection Kariuki raises is that an interrogatory is "subject to" another interrogatory. The federal rules do not recognize this type of objection. It is overruled. Kariuki must respond to each interrogatory "separately and fully in writing" within 14 days of the entry of this order. Fed. R. Civ. P. 33(b)(3).

### E. Objection that Information is Protected by HIPAA and North Carolina's Public Records Law.

In his amended complaint, Kariuki alleges he suffered emotional distress because of NCDOI's discrimination against him. In their interrogatories NCDOI asked him to identify any medical providers he has seen for the emotional distress he allegedly suffered. He objected because the information HIPAA and North Carolina's Public Records protect it.

These objections are improper. Since Kariuki has placed his mental and emotional wellbeing at issue, NCDOI is entitled to discovery about his mental health. *See Equal Emp't Opportunity Comm'n* v. *Sheffield Fin., LLC*. No. 1:06-CV-00889, 2007 WL 1726560, at *4 (M.D.N.C. June 13, 2007) (citing cases) (internal quotations omitted) ("When a plaintiff seeks damages for mental anguish, the medical and psychological information sought by interrogatories and requests for production are relevant as to both causation and the extent of plaintiff's alleged injuries and damages."); *Benjamin* v. *Sparks*, No. 4:14-CV-00186-D, 2017 WL 1497930, at *3 (when a plaintiff alleges emotional distress, his "medical history— both physical and mental—is squarely at issue") (E.D.N.C. Apr. 26, 2017). Neither HIPAA nor North Carolina Public Records Law allow him to refuse to provide this information.

Kariuki must supplement his responses within 14 days to provide the requested information. If Kariuki's response involves the disclosure of a diagnosis for any physical or mental condition, that information must be treated as confidential. NCDOI may not use or disclose that information for any purposes beyond this litigation. And any filings that discuss a diagnosis Kariuki has received must be filed in accordance with the sealing provisions of Local Civil Rule 79.2

3

**II.     Motion to Compel Related to Kariuki's Deposition**

NCDOI says that during his deposition, Kariuki improperly refused to answer questions and gave evasive answers. Kariuki disagrees. The court has reviewed the transcript submitted by the parties and agrees with NCDOI.

The process for handling potentially inadmissible material differs between discovery and trial. At trial, a judge must resolve any disputes over the admissibility of evidence before it gets before the factfinder. Fed. R. Evid. 104. But because judges are not typically available to address evidentiary issues that arise at a deposition, there are different rules for making and resolving objections to questions or testimony. During a deposition, any objections "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." *Id.* 30(c)(2). Parties are to make objections "concisely in a nonargumentative and nonsuggestive manner." *Id.* These rules prevent a deposition from being "unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond." *Id.* 1993 Advisory Committee Notes.

The Federal Rules of Civil Procedure provide more guidance related to objections at depositions. A party may object "at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying." Fed. R. Civ. P. 32(b). And a party does not waive an objection "to the deponent's competence . . . or to the competence, relevance, or materiality of testimony" if they do not make it at the deposition, unless the party taking the deposition could have corrected the error during the deposition. *Id.* 32(d)(3)(A). But a failure to make a timely objection to "the form of a question or answer" does lead to a waiver. *Id.* 32(d)(3)(B)(i). Given these protections on the ability to raise an objection to deposition testimony later, objections "ordinarily should be limited to those that under Rule 32(d)(3) might be waived

4

if not made at that time[.]" *Id.* 30(d) 1993 Advisory Committee Notes. Otherwise, objections "should be kept to a minimum during a deposition." *Id.*

There are, however, a small set of circumstances where it is appropriate for a deponent not to answer a question. First, a deponent may decline to answer a question if it is "necessary to preserve a privilege[.]" *Id.* 30(c)(2). Second, a deponent may refuse to answer a question if it is necessary, "to enforce a limitation ordered by the court[.]" *Id.* And third rather than answer a question a party or deponent can ask the court to terminate or limit the deposition. *Id.* Such a motion is appropriate only if the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Id.* 30(d)(3)(A). The party making the motion bears the burden of showing that they are entitled to relief. *Coach, Inc.* v. *Hubert Keller, Inc.*, 911 F. Supp. 2d 1303, 1310 (S.D. Ga. 2012) (quoting *Rivera* v. *Berg Elec. Corp.*, No. 2:08–cv–01176, 2010 WL 3002000, at *2 (D. Nev. July 28, 2010)).

Kariuki must sit for another deposition at a mutually agreeable date and time. If the parties are unable to cooperatively select a date and time to resume the deposition, they are to contact my case manager and the court will resolve the issue. Objections and refusals to answer questions must comply with the provisions outlined above. If a dispute arises during the deposition that the parties cannot resolve on their own, they are to contact my case manager and the court will resolve the issue. NCDOI must ensure that the location chosen for the deposition is large enough that all attendees may practice appropriate social distancing.

### III. Kariuki's Motion to Compel.

#### A. Documents Not in NCDOI's Possession Custody or Control

There is a dispute over whether NCDOI can produce certain documents. The Federal Rules require a responding party to produce non-privileged responsive documents in that party's

5

"possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). The requirement that a party must produce responsive documents within its control means that sometimes the responding party will need to obtain documents from third parties to comply with its discovery obligations. *See Poole ex rel. Elliott* v. *Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (explaining that a document is within a party's control "[a]s long as the party has the legal right or ability to obtain the documents from another source on demand[.] ").

Within 14 days NCDOI must make a good-faith effort to determine whether it has any non-privileged, responsive documents in its possession, custody, or control that it has not already turned over. If it locates other non-privileged, responsive documents, it must produce them within 7 days from their discovery. NCDOI must then certify in writing to Kariuki that it has made a good-faith effort to locate additional documents and that either it has produced all other non-privileged, responsive documents that it located or that no other documents have been found.

### B. Confidential Information in Personnel Files

Kariuki asks for documents from the personnel files of various NCDOI officers and employees. But NCDOI objects to producing them because the documents are confidential under state law.

The North Carolina General Statutes make some aspects of a state employee's personnel file confidential and leave other portions open for public inspection. Among the items available to the public are the employee's name, date of birth, salary, position or title, the dates and reasons for of various employment-related actions, and some records related to employee discipline. N.C. Gen. Stat. § 126–23(a). Otherwise, "[a]ll other information contained in a personnel file is confidential and shall not be open for inspection and examination except to the" extent allowed by law. *Id.* § 126–24.

North Carolina law also provides that under a court order "[a] party … may inspect and examine a particular confidential portion of a State employee's personnel file[.]" *Id.* § 126–24(4). The court has determined that some personnel records Kariuki has requested are relevant to his claims and proportional to the needs of the case. NCDOI's objections based on North Carolina General Statutes § 126–24 are overruled.

NCDOJ must supplement its responses to provide non-privileged, responsive documents within 14 days. Any personnel documents that would otherwise be confidential under state law must be treated as confidential by the parties. NCDOI will mark those documents with a designation reflecting their confidential status. Kariuki may not use or disclose those documents for any purposes beyond this litigation. And any filings that discuss or include these documents must be filed in accordance with the sealing provisions of Local Civil Rule 79.2

### C. Request for Financial Examination Reports

Kariuki has requested copies of correspondence among his former colleagues. NCDOI has objected stating that the request calls for production of documents confidential under North Carolina General Statutes § 58–2-132. Kariuki's requests for production are very broad. And he does not satisfactorily explain why the court should require production of otherwise confidential documents. So the court will not require production of documents NCDOI withheld because of § 58–2-132.

### D. Requests for Additional Requests for Production of Documents

The court's initial scheduling order limited the parties to 25 requests for production. Kariuki now asks the court to allow him to serve 25 more requests for production. Scheduling orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 26(b)(4). Kariuki has not shown good cause, so the court denies his request.

7

## IV. Conclusion

The court grants NCDOI's motion to compel. D.E. 61. It grants in part and denies in part, Kariuki's motion to compel as discussed above. D.E. 63. All supplementations must occur within 14 days from the date of entry of this order. Each party will bear their own costs for the motions and the reconvened deposition. Failure to comply with this order may result in the imposition of sanctions up to and including a dismissal of the case or entry of a default judgment.

Dated: April 23, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge