IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00341-D

**George Kariuki**,

        Plaintiff,

v.

**The North Carolina Department of Insurance**,

        Defendant.

**Order**

    I previously entered orders denying Plaintiff George Kariuki's motion to compel, allowing Defendant North Carolina Department of Insurance to resume Kariuki's deposition, and requiring Kariuki to appear for a deposition on May 28, 2021. D.E. 69, 71. Without seeking review of these orders by a United States District Judge, Kariuki appealed both orders to the Fourth Circuit. D.E. 75, 76, 77. He also asked this court to stay its earlier discovery orders pending the outcome of his appeal. D.E. 78.

    A party seeking a stay pending the outcome of an interlocutory appeal must show four things. *Long* v. *Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). First, "that he will likely prevail on the merits of the appeal[.]" *Id.* Second, "that he will suffer irreparable injury if the stay is denied[.]" *Id.* Third, "that other parties will not be substantially harmed by the stay[.]" *Id.* And fourth, "that the public interest will be served by granting the stay." *Id.* Kariuki cannot satisfy these factors.

    To begin with, he cannot show that he is likely to prevail on the merits of the appeal because of two jurisdictional issues.[1] The Fourth Circuit requires that before proceeding to the appellate

---

[1] I also believe that the earlier rulings would be affirmed on the merits, but the jurisdictional issues prevent the appeal from proceeding to that stage.

court a party must seek review of a magistrate judge's ruling on a non-case-dispositive matter from the presiding district judge. *Clinton* v. *Hudgins*, 841 F. App'x 609 (4th Cir. 2021). Failure to seek review by a district court judge results in the dismissal of the appeal. *Id.* Kariuki did not seek review from the presiding district judge of either order he appealed, so his appeals will likely be dismissed.

But even if Kariuki had first sought review from a district judge, his appeals are still subject to dismissal because they are interlocutory. As the Fourth Circuit noted in its ruling on his earlier interlocutory appeal, it "may exercise jurisdiction only over final orders and certain interlocutory and collateral orders[.]" *Kariuki* v. *N.C. Dep't of Ins.*, No 19–1776, 796 F. App'x 175, 176 ( Mar. 5, 2020) (citations omitted). The court lacks jurisdiction to hear appeals that fall outside these categories. *Id.*

Kariuki's appeals involve discovery orders, which are not final orders. *Nicholas* v. *Wyndham Int'l, Inc.*, 373 F.3d 537, 541 (4th Cir. 2004) ("Discovery orders are 'inherently interlocutory' and typically not appealable."). Nor are they among interlocutory or collateral orders which may properly be the subject of an appeal. 28 U.S.C. § 1292. This is true even though the orders compel Kariuki to sit for a deposition. *See Nat'l Super Spuds, Inc.* v. *N.Y. Mercantile Exch.*, 591 F.2d 174, 176–77 (2d Cir. 1979) (citations omitted) ("An order compelling testimony in an ordinary civil or criminal action is neither a final order . . . nor an interlocutory order granting an injunction . . . and it is not appealable."). So it is likely that the Court of Appeals will dismiss his appeal.

On top of those jurisdictional issues, granting the stay would not be in the public interest. Kariuki's actions related to his deposition reveal an intent to stymie the discovery process and

prevent NCDOI from obtaining discovery it is entitled to. Delaying this action until the Fourth Circuit resolves his appeals would only reward his improper conduct.

The remaining two factors also weight against granting a stay. Kariuki will not be irreparably harmed by having to sit for a deposition. If the Court of Appeals would determine that it has jurisdiction to hear his appeals and rule in his favor, he could seek to have the deposition transcript excluded from further proceedings. And the court cannot say that NCDOI would not be substantially harmed by the stay. This straightforward action has lingered on the court's docket for almost three years. To move this matter forward, the district court recently said that after extending the discovery period until today, "No further extensions will be granted in this long pending case." D.E. 68. Further delay to await the almost-inevitable dismissal of the appeal is a non-trivial harm that NCDOI should not have to suffer.

The court denies the motion to stay. D.E 78. Kariuki must appear for his deposition at 114 W. Edenton Street, Raleigh, North Carolina, 27602, at 1:30 p.m. today for his deposition. Failure to appear may result in the imposition of sanctions including dismissal of this action and the initiation of contempt proceedings.

The court cautions Kariuki that if he engages in conduct that "impedes, delays, or frustrates" his "fair examination" by NCDOI, the court will sanction him. Fed. R. Civ. P. 30(d)(2). The potential sanctions for that conduct include the same sanctions that the court could imposed as if he failed to appear for the deposition (*e.g.*, dismissal of the complaint or initiation of contempt proceedings).

Dated: May 28, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge